UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHEL OSMAN,

        Plaintiff,

v.

INTERNATIONAL FREIGHT LOGISTICS,
LTD., and TOWNE AIR FREIGHT, L.L.C.,
d/b/a TOWNE AIR FREIGHT – MI, L.L.C.,

        Defendants.

_____/

Case No. 08-11767

HON. MARIANNE O. BATTANI

## OPINION AND ORDER GRANTING DEFENDANT TOWNE AIR FREIGHT'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Before the Court is Defendant Towne Air Frieght, L.L.C.'s ("TAF") Motion for Reconsideration. (Doc. 48). In its motion, TAF asks the Court to reconsider its decision denying TAF's Motion for Summary Judgment of Plaintiff Mitchel Osman's complaint. (See doc. 46).

In his complaint, Osman alleges that a lamp he ordered was destroyed during its shipment with Defendants. TAF moved for summary judgment, and this Court denied TAF's motion. In its motion for reconsideration, TAF argues that the Court was misled when it denied the motion for summary judgment because it did not recognize that Defendant International Freight Logistics, Ltd. ("IFL") was a freight forwarder and that there was no through bill of lading for the shipment. Because the Court finds that IFL was a freight forwarder, the Court **GRANTS** TAF's motion for reconsideration.

## II. ANALYSIS

Pursuant to E.D. Mich. LR 7.1(g)(3), a movant may obtain relief through a motion for reconsideration if it demonstrates that (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error "which is obvious, clear, unmistakable, manifest, or plain." Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

*Freight Forwarder Status*

TAF argues that the Court was mistaken when it considered IFL to be a carrier, and not a freight forwarder. In particular, TAF contends that IFL was a freight forwarder because it accepted multiple shipments, consolidated them into several crates, shipped them by one carrier to New York, broke the freight down into individual shipments, and then sent them to various destinations using new carriers—including TAF—under new bills of lading.

Under 49 U.S.C. § 13102(8),

> The term "freight forwarder" means a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business--
>
> (A) assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for break-bulk and distribution operations of the shipments;
>
> (B) assumes responsibility for the transportation from the place of receipt to the place of destination; and

>    (C) uses for any part of the transportation a carrier subject to jurisdiction under this subtitle.

The evidence in this case shows that Osman purchased the lamp from Philippe Denys, and then either IFL or Philippe Denys packed the lamp into a crate with other items from Phillipe Denys for shipment. As discussed in the Court's opinion denying the parties' motions for summary judgment, Osman's claim only survives if the jury finds that IFL packed the lamp. Furthermore, the Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party when ruling on a motion for summary judgment. See Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). Accordingly, because Osman, the nonmoving party, presented evidence indicating that IFL packed the lamp, the Court will infer, for the purposes of this Motion for Reconsideration of TAF's Motion for Summary Judgment, that IFL packed the lamp into a crate with other items from Phillipe Denys.

IFL transported the crate to its warehouse in New York. At that point, IFL separated the items out from the crate and made arrangements for various pieces to be transported to their respective buyers. In particular, IFL shipped Osman's lamp to Michigan using TAF. An invoice from IFL to Osman indicated that IFL was providing transportation of the lamp from Florida to Michigan.

The Court finds that this evidence demonstrates that IFL was acting as a freight forwarder under the Carmack Amendment. See 49 U.S.C. § 13102(8). First, IFL did both assembly/consolidation and breaking apart/distribution of shipments. See 49 U.S.C. § 13102(8)(A). In particular, IFL consolidated the lamp and other items into a crate for transport from Florida to New York. IFL then separated the lamp out of the

crate for individual shipment from New York to Michigan by TAF. Second, the testimony of Osman and the IFL invoice to Osman show that IFL took responsibility for the shipment from its receipt in Miami to its delivery in Michigan. See 49 U.S.C. § 13102(8)(B). Third, by using TAF, IFL used a carrier for part of the shipment's transportation. See 49 U.S.C. § 13102(8)(C). Accordingly, because IFL holds itself out to the public as entity that provides transportation of property, in addition to the aforementioned services, for compensation in the ordinary course of its business, IFL is a freight forwarder under the Carmack Amendment. See 49 U.S.C. § 13102(8).

Because the Court previously determined that IFL was acting as a carrier, the Court's opinion denying TAF's motion for summary judgment was misled by a palpable defect. See E.D. Mich. LR 7.1(g)(3). The Court must now determine whether correction of this defect will result in a different disposition to the case. See id.

*Effect of IFL's Status as a Freight Forwarder on Osman's Claim Against TAF*

This Court previously determined that IFL was the receiving carrier and that TAF was the delivering carrier. Therefore, TAF was subject to suit because the Carmack Amendment explicitly authorizes suit against either the delivering carrier or the carrier that caused the alleged loss or damage. See 49 U.S.C. § 14706(d)(1) and (2). The Carmack Amendment considers a freight forwarder, however, to be both the receiving and delivering carrier. 49 U.S.C. § 14706(a)(2). Accordingly, TAF can no longer be sued as the delivering carrier because IFL, as a freight forwarder, was both the receiving and delivering carrier. See id. Likewise, TAF cannot be sued as the carrier

4

causing the damage because all of the parties concede that (1) the damage to the lamp was caused by inadequate packaging, and (2) TAF did not pack the lamp.

Furthermore, even if TAF was subject to suit, its liability would be limited by its terms and conditions for the shipment of the lamp from IFL in New York to Osman in Michigan, which were attached to its bill of lading . See Norfold S. Ry. Co. v. Kirby, 543 U.S. 14, 33-34 (2004) (addressing a claim under the Carriage of Goods by Sea Act and holding that where a freight forwarder contracts with a carrier to transport goods, the cargo owner's recovery against the carrier is limited by the liability limitation to which the freight forwarder and the carrier agreed); see also Great N. Ry. Co. v. O'Connor, 232 U.S. 508, 513 (1914).  TAF's bill of lading and rules tariff to IFL stated that TAF did not accept liability for any damage caused by improper packing.  Accordingly, because all the parties concede that TAF did not pack the lamp, this liability limitation prevents Osman from recovering from TAF.[1]  Therefore, TAF is entitled to summary judgment.

### III.   CONCLUSION

As such, Defendant TAF's Motion for Reconsideration is **GRANTED**.  TAF's Motion for Summary Judgment is, thereby, **GRANTED** as well.  Plaintiff's claims against TAF are dismissed, and Plaintiff's claims against IFL remain.

**IT IS SO ORDERED.**

---

[1] TAF also contends that the lamp being shipped was a work of art and that, therefore, it was not liable for any damage to the lamp because its rules tariff stated that it did not accept liability for damage resulting from the transport of works of art.  As TAF is not liable due to the fact that it did not pack the lamp, the Court need not address this argument.

s/Marianne O. Battani

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: May 20, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK