**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MITCHEL OSMAN,

                Plaintiff,

v.                                        Case No. 08-11767

INTERNATIONAL FREIGHT LOGISTICS,       HON. MARIANNE O. BATTANI
LTD., and TOWNE AIR FREIGHT, L.L.C.,
d/b/a TOWNE AIR FREIGHT – MI, L.L.C.,

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

**I.    INTRODUCTION**

Before the Court is Plaintiff Mitchel Osman's Motion for Attorney's Fees.  (Doc.

57).  This case involves a claim against International Freight Logistics, Ltd. ("IFL") under

the Carmack Amendment relating to the shipment of a $12,000 lamp from Miami,

Florida to Mt. Pleasant, Michigan that resulted in the lamp being destroyed during

transport.  Osman prevailed at trial, and he is requesting attorney fees through June 30,

2009, in the amount of $54,274.75.  For the reasons discussed below, the Court denies

Plaintiff's motion.

**II.    ANALYSIS**

Under the 1906 Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.

§ 14706 *et seq.*, common carriers are liable for damage they cause to property they

received for transportation.  Plough, Inc. v. Mason & Dixon Lines, 630 F.2d 468, 470

(6th Cir. 1980). Title 49 U.S.C. § 14708, which is entitled "Dispute settlement program for household goods carriers," states in subsection (d):

> Attorney's fees to shippers.--In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if . . . .

Osman argues that he is entitled to attorney fees under § 14708(d) because the lamp is a household good and IFL is a carrier under the Carmack Amendment. IFL responds that Osman is not entitled to attorney fees because IFL is not a registered household good carrier. Osman does not contend that IFL is a household goods motor carrier. Therefore, the dispositive issue is whether § 14708(d), (A) allows a shipper to recover attorney fees from any carrier that transports household goods or (B) only allows attorney fees to be recovered from a household goods carrier. In the case of (A), IFL would be required to pay attorney fees, whereas in the case of (B) IFL would not be required to pay attorney fees. The Court concludes that § 14708(d) only allows attorney fees to be recovered from a defined household goods carrier and, therefore, Osman cannot recover attorney fees from IFL.

Starting with the language of the statute itself, the only place that § 14708 refers to household goods carriers is in the section's title, which states, "Dispute settlement program for household goods carriers." 49 U.S.C. § 14708. But, the title's reference to household goods carriers is not dispositive because it is the plain language of the statute itself that controls. See Campbell v. Allied Van Lines, Inc., 410 F.3d 618, 621-22 (9th Cir. 2005); see also Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001). The language of the attorney fee provision indicates that attorney fees may be

2

recovered in cases between "a shipper of household goods" and a carrier when the dispute "concern[s] the transportation of household goods by such carrier."  49 U.S.C. § 14708(d).  This language indicates that any carrier would be required to pay attorney fees when the dispute concerns the transportation of household goods.

Osman argues that this interpretation of the statute is called for by this Circuit's opinion in Trepel.  In Trepel, the Sixth Circuit addressed 49 U.S.C. § 11711 (1993) (repealed 1995), an earlier statute with the same title as and almost identical language to, the current § 14708.  See Trepel, 266 F.3d at 422. The Court found that the language of § 11711(d) indicated that even carriers who were not part of the household goods moving industry were required to pay attorney fees.  Id. at 422-23.  Accordingly, Trepel  indicates that Osman should be allowed to recover attorney fees despite the fact that IFL is not a household goods motor carrier.

IFL argues, however, that Trepel should be distinguished because the Carmack Amendment has been amended since Trepel such that it now includes in 49 U.S.C. § 13102(12), an explicit definition for a "household goods motor carrier" that does not cover IFL.  At the time of Trepel, the Carmack amendment did not provide a definition for a household goods motor carrier.  IFL argues that the Trepel court used broader definition of a household goods carrier than is now called for by § 13102(12).

The Court notes that the language of § 14708(d)'s attorney fee provision is substantially similar to the language in § 11711(d), which the Trepel court found to be both "unambiguous" and "conclusive."  Trepel, 266 F.3d at 423.  Although the Carmack Amendment was amended to include a definition for a household goods motor carrier, the term was not added to § 14708, and the mere addition of a definition for household

3

goods motor carrier in another section of the Carmack Amendment, standing alone, fails to significantly undermine the Trepel court's holding.

The Court observes, however, that Congress included the following provision in the amendment that added the specific definition for a household goods motor carrier to 49 U.S.C. § 13102:

> Application of Certain Provisions of Law.–The provisions of title 49, United States Code, and this subtitle (including any amendments made by this subtitle), that relate to the transportation of household goods apply only to a household goods motor carrier (as defined in section 13102 of title 49, United States Code).

Pub. L. No. 109-59 § 4202(c); 119 Stat. 1752 (2005).  This language was fully enacted by Congress and, therefore, is fully binding law despite the fact that it was not codified in the United States Code.  See Patten v. United States, 116 F.3d 1029, 1034 n.3 (4th Cir. 1997) (noting that a piece of legislation that was enacted as a section of a public law and signed by the President had the force of law even though it was not codified); Int'l Tel. & Tel. Corp. v. United States, 536 F.2d 1361, 1372 (Ct. Cl. 1976) ("The United States Code was not enacted as a statute, nor can it be construed as such.  It is only a prima facie statement of the statute law.  The statutes collected in it did not change their meaning nor acquire any new force by their inclusion.  If construction is necessary, recourse must be had to the original statutes themselves.")

As § 14708(d) only applies to disputes that concern the transportation of household goods, the "Application of Certain Provisions of Law" provision clearly indicates that § 14708(d) only applies to household goods motor carriers as defined in 49 U.S.C. § 13102(12).  See Pub. L. No. 109-59 § 4202(c); 119 Stat. 1752 (2005); 49 U.S.C. § 14708(d).  Therefore, because IFL does not qualify as a household goods

4

motor carrier under § 13102(12), the Court concludes that Osman may not recover

attorney fees under § 14708(d).[1]


III.    **CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's Motion for Attorney's Fees.

**IT IS SO ORDERED.**


s/Marianne O. Battani

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATED: October 9, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.


s/Bernadette M. Thebolt

Case Manager

---

[1] Osman also argues that he is entitled to attorney fees from IFL because this Court previously determined that although IFL did carry the lamp, it also functioned as a freight forwarder for the lamp.  Osman correctly notes that the "Application of Certain Provisions of Law" note does not address freight forwarders.  Title 49 U.S.C. § 14708(d), however, only allows for the recovery of attorney fees from carriers, not freight forwarders.  Because the Carmack Amendment does consider freight forwarders to be both the receiving and delivering carrier, however, it would appear that attorney fees could be recovered from a freight forwarder due to its status as the delivering and receiving carrier.  See 49 U.S.C. § 14706(a)(2). Nevertheless, for the reasons already discussed, attorney fees cannot be recovered from IFL due to its status as a carrier.

5